# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA (Erie)

| | |
|---|---|
| IN RE:<br>MICHAEL WALLACE YOCHUM<br>    Debtor | Case No. 22-10259-CMB |
| Lakeview Loan Servicing, LLC,<br>    Movant | Chapter 13<br><br>Hearing Date: March 23, 2023<br><br>Hearing Time: 1:30PM<br><br>Objection Date: March 16, 2023 |
| vs.<br>MICHAEL WALLACE YOCHUM<br>    And<br>Ronda J. Winnecour, ESQUIRE (TRUSTEE)<br>    Respondent | 11 U.S.C. §362 |

## STIPULATION AND CONSENT ORDER CONDITIONALLY GRANTING MOTION FOR RELIEF FROM AUTOMATIC STAY

Lakeview Loan Servicing, LLC ("**Movant**"), by and through its undersigned counsel, Brock & Scott, PLLC, and with the consent of the Debtor, MICHAEL WALLACE YOCHUM (the "**Debtor**" and together with Movant, the "**Parties**"), hereby file this Stipulation and Consent Order Conditionally Granting Motion for Relief from Automatic Stay, which was filed by Movant on February 14, 2023, at Doc. No. 66, and in support thereof, stipulate as follows:

WHEREAS, on June 9, 2022, the Debtor filed a voluntary petition for relief under Chapter 13 of title 11 of the United States Code, 11 U.S.C. § 101, *et seq*. (the "**Bankruptcy Code**");

WHEREAS, the Debtor is the owner of the premises located at 23095 Titusville Road, Titusville, PA 16354 ("**Property**");

WHEREAS, Movant is the holder of a mortgage ("**Mortgage**"), original principal amount of $70,890.00, that was executed on August 25, 2010. The mortgage was recorded on August 26, 2010.

WHEREAS, on August 18, 2022, Movant filed a Proof of Claim, Claim #9, evidencing a secured claim of $70,153.98;

WHEREAS, on February 14, 2023, Movant filed this Motion for Relief from Automatic Stay (the **"Motion"**) due to the Debtor's failure to remit payments due under the Mortgage, Doc. No. 66.

WHEREAS, on March 16, 2023, the Debtor filed their response to the Motion, Doc. No. 73.

WHEREAS, to resolve the Motion, and in consideration of the Debtor's response thereto, the Parties have agreed to the terms set forth below.

AND NOW, based upon the foregoing, and with the Parties intending to be legally bound, it is hereby ORDERED, ADJUDGED, and DECREED that:

1. The Motion is GRANTED, and the automatic stay is terminated as to the Movant's interests in the Property.

2. The relief from stay granted in paragraph 1 of this Order is stayed for so long as the Debtor timely remits full plan payments to the Chapter 13 Trustee on or before the date upon which each respective plan payment is due, *time being of the essence*, commencing with the month immediately following the date of this Order.

3. For the duration of the above-caption bankruptcy case, in the event that the Debtor fails to make any subsequent plan payments to the Chapter 13 Trustee, then the stay of this Order, as provided in paragraph 2, shall be vacated, and the automatic stay shall be unconditionally lifted as it affects the interests of the Movant in the Property upon the filing of an Affidavit of Default by the Movant, without further hearing or without entry of any further Order. Such Affidavit of Default shall contain a statement of the default as supported by the Movant's own records, as well as the records of the Chapter 13 Trustee.

4. In the event the Debtor converts to a Chapter 7 during the pendency of this bankruptcy case, the Debtor shall cure all arrears within ten (10) days from the date of conversion in order to bring the loan contractually current. Should the Debtor fail to bring the loan contractually current, Movant shall send Debtor and counsel a written Notice of Default of this Stipulation. If the Default is not cured within ten (10) days of the date of the Notice, then the stay of this Order, as provided in paragraph 2, shall be vacated, and the automatic stay shall be unconditionally lifted as it affects the interests of the Movant in the Property upon filing of an Affidavit of Default by the Movant, without further hearing or without entry of any further Order. Such Affidavit of Default shall contain a statement of the default as supported by the Movant's own records, as well as the records of the Chapter 13 Trustee.

5. The terms of this Stipulation and Consent Order may not be modified, revised, altered or changed to any extent, without the express written consent of both Movant and the Debtor.

6. This court shall retain jurisdiction over this matter to enforce the terms of this Stipulation and Consent Order.

SO ORDERED:

_____
Carlota M. Bohm, JUDGE
U.S. BANKRUPTCY COURT

CONSENTED TO BY:

| | |
|---|---|
| */s/ Daniel P. Foster* | */s/ Mario Hanyon* |
| Daniel P. Foster | Mario Hanyon |
| PA ID No. 92376 | (Bar No. 203993) |
| Foster Law Offices | Attorney for Movant |
| 1210 Park Avenue | BROCK & SCOTT, PLLC |
| Meadville, PA 16335 | 8757 Red Oak Blvd. |
| Telephone: 814.724.1165 | Suite 150 |
| Email: dan@mrdebtbuster.com | Charlotte, NC 28217 |
| *Counsel for Debtor* | Telephone: 844-856-6646 |
| | Facsimile: 704-369-0760 |
| | E-Mail: PABKR@brockandscott.com |
| | *Counsel for Lakeview Loan Servicing, LLC* |
| Dated: March 22, 2023 | Dated: March 22, 2023 |